# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5156 | **DATE** | 11/14/2003 |
| **CASE TITLE** | Gulf Insurance Co. vs. United National Insurance Co. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Order. The entire Answer will be stricken from the file upon receipt in this Court's chambers, on or before November 25, 2003, of a self-contained Amended Answer to Counterclaim. In the absence of such a timely filing, all of the paragraphs in the Counterclaim to which the earlier-identified defective paragraphs in the Answer purport to respond will be deemed to have been admitted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 13 |
| | Mail AO 450 form. | | 11/14/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GULF INSURANCE COMPANY, etc., )
)
        Plaintiff, )
)
v. ) No. 03 C 5156
)
UNITED NATIONAL INSURANCE )
COMPANY, )
)
        Defendant. )

**DOCKETED**

**NOV 1 7 2003**

MEMORANDUM ORDER

    Gulf Insurance Company ("Gulf") has filed its Answer to the Counterclaim brought against it by United National Insurance Company ("United National") in this diversity action. Because Gulf's filing includes some violations of basic provisions applicable to federal pleadings, this memorandum order is issued sua sponte to require Gulf's counsel to cure those flaws.

    To begin with, Answer ¶¶9 and 14 include an oxymoron: Although Gulf begins by stating a proper disclaimer that conforms to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) as the predicate for obtaining a deemed denial of the corresponding allegations of United National's Counterclaim, Gulf mysteriously goes on to say that it denies the very same allegations as to which it has claimed insufficient knowledge or information to form a belief. Accordingly the second sentence of each of Answer ¶¶9 and 14 is stricken.

    Next, after Answer ¶26 admits the allegations in the first sentence of Counterclaim ¶26 as to the existence of certain

13

insurance policies, Answer ¶26 goes on to say:

> Gulf denies the remaining allegations stated in paragraph 26 (which are excerpts of an insurance policy) in that the policies themselves are the best evidence of their content.

That is of course unacceptable, for neither the rules of evidence nor evidentiary principles play any part in the pleading process. That sentence is stricken, and Gulf is duty bound to admit the Counterclaim's allegations as to policy provisions--if, that is, they are accurate.

Finally, a host of Gulf's purported answers--Answer ¶¶32 through 38, 40, 41, 43 and 44--take this form:

> Gulf denies the allegations stated in paragraph -- in that they state legal conclusions.

That too is impermissible, for legal conclusions are an integral part of the federal notice pleading regime--see App. ¶2 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). All of those paragraphs of the Answer are accordingly stricken as well.

Because what has been covered here impacts a substantial number of the paragraphs in the Answer, it would make little sense to call for a partial amendment that would force the reader to have recourse to two documents rather than one to see just what is placed in issue and what is not. For that reason the entire existing Answer will be stricken from the file upon receipt in this Court's chambers, on or before November 25, 2003,

2

of a self-contained Amended Answer to Counterclaim. In the absence of such a timely filing, all of the paragraphs in the Counterclaim to which the earlier-identified defective paragraphs in the Answer purport to respond will be deemed to have been admitted.

Finally, no charge is to be made to Gulf by its counsel for the added work and expense incurred in correcting counsel's own errors. Gulf's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: November 14, 2003